*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1212**

Brandon Darnell Barnes, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed March 7, 2016
Affirmed
Connolly, Judge**

Dakota County District Court
File No. 19HA-CR-08-4164

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James C. Backstrom, Dakota County Attorney, G. Paul Beaumaster, Assistant County
Attorney, Hastings, Minnesota (for respondent)

Considered and decided by Connolly, Presiding Judge; Stauber, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CONNOLLY**, Judge

Appellant challenges his 2009 conviction of first-degree sale of a controlled

substance, arguing that the district court abused its discretion in denying his petition for

postconviction relief because problems discovered in 2012 with the St. Paul Police Department Crime Lab (SPPDCL) testing procedures were newly discovered evidence; (2) the district court erred in concluding that appellant did not receive ineffective assistance of counsel in 2009 because his counsel did not assert this argument to the district court, and (3) he was denied relief on his *Brady* violation claim. Because we see no abuse of discretion, we affirm.

## FACTS

On June 10, June 11, and July 3, 2008, appellant Brandon Barnes sold an undercover police officer a substance later determined by the SPPDCL to be cocaine. After the July 3 sale, he admitted to an investigator that he had sold an ounce of cocaine that day and smaller amounts of cocaine on the two previous days.

Appellant was arrested and charged with first-degree controlled substance crime on the basis of the three incidents. In 2009, he pleaded guilty and was sentenced to 98 months in prison; that sentence was stayed for 15 years, and appellant was placed on probation on the condition that he serve 180 days in jail.

In 2012, a Dakota County case, *State v. Jensen*, led to the investigation, audit, and closing of the SPPDCL. In 2013, appellant received a concurrent 120-month sentence on another matter and requested execution of the 98-month sentence.

In July 2014, he filed a petition for postconviction relief, asking to withdraw his 2009 guilty plea based on the closing of the SPPDCL and arguing (1) newly discovered evidence; (2) a *Brady* violation; (3) a due process violation; (4) that his plea was inaccurate, involuntary, and unintelligent; and (5) ineffective assistance of counsel. The district court

2

order granted his request for an evidentiary hearing on withdrawal of his guilty plea and denied relief on the *Brady* violation.

Respondent State of Minnesota requested reconsideration of the grant of an evidentiary hearing in light of *Roberts v. State*, 856 N.W.2d 287, 292 (Minn. App. 2014) (holding that SPPDCL problems are not newly discovered evidence), *review denied* (Minn. Mar. 28, 2015). The district court let the hearing go forward but said respondent could argue whether relief was time-barred in post-hearing briefs. At the hearing, appellant, the attorney whom he claims provided ineffective assistance, two scientists from the SPPDCL, the attorney in *Jensen*, and two expert witnesses testified.

Following the hearing, the district court concluded that the SPPDCL litigation was not newly discovered evidence and that appellant had not been denied effective assistance of counsel and denied his motion for postconviction relief. Appellant challenges the denial, arguing that the district court abused its discretion in concluding that the problems with the SPPDCL were not newly discovered evidence, that appellant did not receive effective assistance of counsel, and that there had been no *Brady* violation.

### DECISION

"The denial of a new trial by a postconviction court will not be disturbed absent an abuse of discretion and review is limited to whether there is sufficient evidence to sustain the postconviction court's findings." *State v. Hooper*, 620 N.W.2d 31, 40 (Minn. 2000).

### 1. Newly Discovered Evidence

Appellant did not file a direct appeal. When no direct appeal is filed, a petition for postconviction relief must be filed within two years of the entry of judgment of conviction

3

or sentence. Minn. Stat. § 590.01, subd. 4(a) (2014). But an exception to this limitation occurs when five criteria are met: (1) the petitioner alleges the existence of newly discovered evidence; (2) the evidence could not have been discovered by the exercise of the due diligence of the petitioner or the petitioner's attorney within the two-year period following the entry of judgment of conviction or sentence; (3) the evidence is not cumulative to that presented at trial, (4) the evidence is not introduced for impeachment, and (5) the evidence "establishes by a clear and convincing standard that the petitioner is innocent of the offense or offenses for which the petitioner was convicted." Minn. Stat. § 590.01, subd. 4(b)(2) (2014); *see also Rainer v. State*, 566 N.W.2d 692, 695 (Minn. 1997) (holding that a new trial may be granted on the basis of newly discovered evidence when the defendant proves "(1) that the evidence was not known to the defendant or his/her counsel at the time of the trial; (2) that the evidence could not have been discovered through due diligence before trial; (3) that the evidence is not cumulative, impeaching, or doubtful; and (4) that the evidence would probably produce an acquittal or a more favorable result").

The argument that the 2012 investigation of SPPDCL was newly discovered evidence that could entitle petitioners convicted before 2012 to postconviction relief was addressed and rejected in *Roberts*, 856 N.W.2d at 292 ("[The petitioner] has not met his burden to establish that the new evidence regarding [SPPDCL] could not have been discovered with due diligence or that the new evidence clearly and convincingly establishes his innocence.").

The district court here relied on *Roberts*, noting that it

4

focused on two elements of the newly discovered evidence exception, due diligence and actual innocence. [*Roberts*, 856 N.W.2d] at 290. In doing so, the court [of appeals] found that [Roberts] had not demonstrated that the information regarding the crime lab could not have been discovered through the exercise of due diligence. *Id.* at 291. Additionally, the court [of appeals] did not find that the [SPPDCL] evidence established [Roberts]'s innocence by clear and convincing evidence. *Id.* Similarly, . . . [appellant] has failed to establish that the evidence could not have been discovered through due diligence or that the evidence establishes his innocence.

We agree with the district court.

### a. Due diligence

*Roberts* explained that:

> The complaint against Roberts alleged that the crime lab analyzed the substance in this case and identified it as cocaine. Roberts therefore knew that the charge against him was based on the crime lab's test results. He had access to the test results under the discovery rules. He could have challenged the foundational reliability of the test results. If Roberts was financially unable to obtain expert review of the test results, he could have requested public funds for that purpose.
>
> Roberts does not claim that he made any effort to investigate the validity of the test results. Nor does he claim that anyone prevented him from doing so. Instead, he merely asserts that the deficiencies in the crime lab's procedure could not have been discovered with due diligence because no one had reason to suspect problems at the crime lab. That assertion is belied by Roberts's postconviction submissions, which show that the defendant in the 2012 Dakota county case [i.e., *Jensen*] discovered the deficiencies. Thus, Roberts has not demonstrated that the information regarding the crime lab could not have been discovered through the exercise of due diligence.

*Id.* (quotations and citations omitted). The district court, having heard testimony from the attorney involved in *Jensen*, applied *Roberts:*

5

[Appellant] asserts that he informed his attorney [in the 2008 case that] . . . he had reason to question whether the substance sold was, in fact, cocaine. However, [appellant's attorney] has no recollection of [appellant] challenging the drug evidence, nor did she make a note in her file to indicate this. [Appellant] was aware that the allegations against him were based upon the crime lab's results. Additionally, he and his attorney received the lab report as part of the state's discovery. [Appellant] could have challenged the foundational reliability of this evidence. . . . As with the appellant in *Roberts*, [appellant] did not make any effort to investigate the validity of the test[] results.

Appellant argued to the district court, as he argues on appeal, that due diligence of himself or his attorney could not have led to the discovery of the SPPDCL problems because the attorney in *Jensen* "went above and beyond due diligence and has specialized science training that alerted [her] to the problems." The district court, having heard testimony from the *Jensen* attorney, noted that she

testified that she had no specialized knowledge about drug testing at the time she began to realize problems existed [at SPPDCL.] [Her] testimony and the way in which she discovered the issues at [SPPDCL] belies [appellant's] argument that due diligence was not enough to uncover the deficiencies.

[The attorney's] curiosity and desire to learn more about drug testing led to discovery of the deficiencies at [SPPDCL]. She did not have specialized training. Any attorney could have requested the full discovery file and asked to meet with a crime lab analyst as she and her colleague did. Therefore, [appellant] cannot satisfy the due diligence prong of the newly discovered evidence exception.

Appellant disagrees with the *Roberts* conclusion that due diligence could have led to the discovery of the evidence and with the district court's following of *Roberts*. But the district court and this court are both obliged to follow this court's published decisions, particularly

those on which review has been denied. *See Sefkow v. Sefkow*, 427 N.W.2d 203, 213 (Minn. 1988).

**b.    Clear-and-Convincing Evidence of Innocence**

To meet the newly discovered evidence criteria, the evidence must establish "actual innocence." *Riley v. State*, 819 N.W.2d 162, 170 (Minn. 2012). "Actual innocence is more than an uncertainty about guilt. Instead, establishing actual innocence requires evidence that renders it more likely than not that no reasonable jury would convict." *Id.* Here, appellant admitted to an investigator that he sold an ounce of cocaine on July 3 and sold cocaine on two dates in June; he pleaded guilty to first-degree controlled substance crime based on those sales, testifying that he had engaged in the sale of a substance he knew was cocaine; he admitted to using cocaine from the same source himself; and he told a probation officer doing the presentence investigation that he sold cocaine. In light of appellant's admissions immediately after arrest, at the plea hearing, and during the presentence investigation, evidence about the problems at SPPDCL four years later would have been unlikely to prevent a jury from finding appellant guilty or to establish his "actual innocence."

Although appellant testified in 2014 that he doubted whether the substance he sold in 2008 was actually cocaine and that he pled guilty to avoid jail time, his 2008 attorney testified that she had no recollection and no notes of appellant ever telling her that he doubted the substance he sold was cocaine.

7

The district court did not abuse its discretion in finding that, because the SPPDCL findings were not newly discovered evidence, appellant was not entitled to postconviction relief.

## 2.    Ineffective Assistance of Counsel

"We review the denial of postconviction relief based on a claim of ineffective assistance of counsel de novo because such a claim involves a mixed question of law and fact." *Hawes v. State*, 826 N.W.2d 775, 782 (Minn. 2013).  For an ineffective-assistance-of-counsel claim to succeed,

> [t]he defendant must affirmatively prove that his counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Gates v. State*, 398 N.W.2d 558, 561 (Minn. 1987) (quotations and citation omitted).

Appellant argues that his counsel's failure to request the full lab report was ineffective assistance.  But, as the district court noted,

> it was not customary for defense counsel to request the full lab report in controlled substance cases at that time [i.e., in 2008. Appellant's] counsel had no reason to request the full lab report then.  The only evidence to suggest [appellant] told his attorney that the substance may not have been cocaine is [appellant's] present self-serving statements.  The [c]ourt does not find [appellant's] testimony credible. [His 2008 attorney] does not recall [appellant] ever challenging that the substance was cocaine nor did she make any note in her file to reflect such a statement. [Appellant] elected to accept a plea bargain rather than challenge the [SPPDCL] test results.  The decision not to pursue a challenge to the test results constitutes trial strategy.

Appellant presents no evidence to refute the district court's statements, and "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Minn. R. Civ. P. 52.01.

Even if counsel's failure to obtain the full lab report did fall below the standard of reasonable representation, appellant's ineffective-assistance claim would fail because, again, evidence of his statements to the police, the investigator, and the parole officer that he had sold cocaine would have precluded any result other than his conviction.

**3.** *Brady* **Violation**

This court conducts a de novo review of *Brady*-violation rulings. *Pederson v. State*, 692 N.W.2d 452, 460 (Minn. 2005). A *Brady* violation requires a showing that the evidence was favorable to the defendant as exculpating or impeaching; the prosecution suppressed the evidence, intentionally or otherwise; and the evidence was material, so the defendant was prejudiced. *Walen v. State*, 777 N.W.2d 213, 216 (Minn. 2010).

The district court concluded that appellant was not entitled to a hearing on his *Brady* violation claim because he "failed to present any evidence that the [s]tate ha[d] any knowledge of the [SPPDCL] issues in 2008" and, absent knowledge of the evidence, the state could not have suppressed it. Appellant argues that "[i]f the evidence [of problems at SPPDCL] was available at the time of trial, prosecutors should have disclosed it," but does not explain that such evidence was available at the time of trial. Appellant says further that "[t]]here is a material question of fact as to whether the prosecutor or the police knew about the problems at the lab at the time of [a]ppellant's trial" but, again, he offers nothing to indicate even the possibility of such knowledge. Finally, a *Brady* violation also requires a

9

showing of prejudice, in this context "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *State v. Hunt*, 615 N.W.2d 294, 299 (Minn. 2000) (quotation and citation omitted). Evidence of appellant's repeated admissions that he had sold cocaine preclude any reasonable probability that a jury would not have convicted him.

**Affirmed.**